UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| IRA B. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:03-CV-82 CAS |
| | ) |
| GARY KEMPKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Gary Kempker, Steve Long, Laura Vance, and Chuck Dwyer's motion for summary judgment, defendant Suzie Gibbs's motion to dismiss, and defendants Tanya Nolan, Amanda Payne, and Kerri Davis's motion to dismiss. Plaintiff filed memoranda in opposition to the motions. For the following reasons, the Court will grant the motion for summary judgment, which it construes as a motion to dismiss, and grant the motions to dismiss, for failure to exhaust administrative remedies.

**I. Background**

Plaintiff originally filed this action against defendants Gary Kempker, Steve Long, and Donna Y. McCondichie. The Court granted plaintiff in forma pauperis status and ordered plaintiff to file an amended complaint because plaintiff did not state the reason why he was suing and failed to sign the complaint. In plaintiff's First Amended Complaint, filed by appointed counsel, plaintiff named Gary Kempker, Steve Long, and Laura Vance as defendants. Plaintiff alleged that he suffers from chronic paranoid schizophrenia and defendants did not give him his medication as scheduled. In plaintiff's Second Amended Complaint, he added defendants Charles Dwyer, Kerri Davis, Amanda Payne, Suzie Gibbs, and Tanya Nolan. In his Second Amended Complaint, plaintiff asserts that is he bringing this

action pursuant to 42 U.S.C. § 1983 because defendants have individually and collectively subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Specifically, plaintiff asserts that defendants have held him in custody contrary to the judgment of his court of conviction and shown deliberate indifference to his mental health needs.

**III. Summary Judgment Motion as to defendants Kempker, Long, Vance, and Dwyer**

Defendants Kempker, Long, Vance, and Dwyer filed a motion for summary judgment. These defendants assert that (1) plaintiff's claim is barred pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, because it fails to state a claim upon which relief can be granted; (2) plaintiff has failed to exhaust his administrative remedies as required by the PLRA; (3) defendants are entitled to qualified immunity on plaintiff's Eighth Amendment claims; (4) defendants cannot be held liable under a respondeat superior theory; (5) plaintiff cannot meet the objective and subjective components of the deliberate indifference standard; and (6) plaintiff's claims against defendants are barred by the Eleventh Amendment.

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a

matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**B.  Facts**

Defendants Kempker, Long, Vance, and Dwyer filed statements of uncontroverted material facts.  Harris specifically admitted all facts as submitted by these defendants.  Accordingly, the Court finds the following facts as true for purposes of summary judgment.  Harris is an inmate at the Southeast Correctional Center ("SECC") in Charleston, Missouri.  At the time of the events alleged in the Second Amended Complaint, defendant Gary Kempker was the Director of the Missouri Department of Corrections.  Steve Long is the Acting Division Director of the Division of Adult Institutions and held this position at all relevant times.  Defendant Laura Vance is an Associate Superintendent at SECC and held this position throughout plaintiff's incarceration at SECC. Defendant Chuck Dwyer is the Superintendent of SECC and has held this position since September 13, 2003. Correctional Medical Services ("CMS") is a private company that has a contract with the State of Missouri to provide health care services for MDOC facilities, including the mental health unit at SECC.  CMS has provided all health care services for inmates at SECC during plaintiff's

incarceration there. CMS is directly responsible for the hiring, retaining, and firing of doctors, nurses, and other medical staff at SECC. Defendants Kempker, Long, Vance, and Dwyer are not employed by CMS and do not supervise the medical staff at SECC. Defendants Kempker, Long, Vance, and Dwyer did not take part in the medical treatment decisions made for Harris by the SECC medical unit or by outside doctors. Defendants Kempker, Long, Vance, and Dwyer have no medical authority or expertise concerning Harris's medical treatment. Defendants Kempker, Long, Vance, and Dwyer do not directly treat patients and did not directly treat Harris for the condition about which he complains.

### C. Discussion

#### 1. Custody Claim

First, the Court will address plaintiff's claim that defendants have held him in custody contrary to the judgment of the court of conviction in the Circuit Court of Calloway County, Missouri. The Court notes that defendants did not address this claim in their answer or in their motion for summary judgment.

During plaintiff's confinement on another charge, plaintiff was charged with "Violence to an Employee of Department of Corrections or to an Inmate by an Inmate." Plaintiff pled not guilty by reason of mental disease or defect and the plea was accepted by the states court. The judgment committed plaintiff to the custody of the Department of Mental Health. It is unclear whether plaintiff was sent back to prison immediately or if he spent any time in the Department of Mental Health. Plaintiff contends that he is being held in prison contrary to the judgment committing him to the custody of the Department of Mental Health.

"A prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 125 S. Ct. 1242, 1245 (2005). The line of cases discussing the relationship between § 1983 actions and § 2254 habeas claims focuses "on the need to ensure that

state prisoners only use habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either *directly* through an injunction compelling a speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 125 S. Ct. at 1247 (emphasis in original). Any determination made by this Court regarding where plaintiff should be confined and by whom would necessarily implicate the lawfulness of the state's custody, thus making it an inquiry subject to habeas review. Plaintiff's claim that the defendants are holding him in custody contrary to the judgment of the court of conviction should be pursued as a habeas action under 28 U.S.C. § 2254, after plaintiff has exhausted available state remedies. Therefore, the Court will dismiss plaintiff's claim regarding whether the State should have custody of him without prejudice against all defendants.

## 2. Eleventh Amendment Immunity

Defendants assert that they are entitled to Eleventh Amendment immunity because plaintiff has failed to allege that he is suing the defendants in their personal capacities and thus cannot be sued for monetary damages. It is well settled that the Eleventh Amendment bars § 1983 claims against states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (citing Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)). Section 1983 damage claims against individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not "persons" within the meaning of § 1983. Id. (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)). State officials acting in their official capacities are § 1983 "persons" when sued for prospective relief, and the Eleventh Amendment does not bar such relief. Id. (citing Treleven v. University of Minn., 73 F.3d 816, 819 (8th Cir. 1996)). Finally, the Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities. Absent a clear statement in the complaint that

officials are being sued in their personal capacities, however, courts construe a complaint as including only official-capacity claims. Id. (citing Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995)).

Plaintiff's Second Amended Complaint does not state that the officials are being sued in their individual capacities. In plaintiff's response, he requests that the Court allow him to amend his complaint by interlineation to state that he is suing all the defendants in both their individual and official capacities. For purposes of this motion, the Court will assume that plaintiff has amended his complaint to plead against the defendants in both their individual and official capacities; and therefore, will deny this aspect of defendant's motion.

### 3. Failure to Exhaust Administrative Remedies pursuant to PLRA on Medical Claims

Defendants Kempker, Long, Vance, and Dwyer assert that plaintiff has failed to exhaust his administrative remedies pursuant to the PLRA. Defendants assert that plaintiff must file a grievance against each defendant individually by name and that plaintiff did not attach any grievances to his complaint.

Under the plain language of 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies before he files suit; if exhaustion was not completed at the time of filing, dismissal is mandatory. Johnson v. Jones, 349 F.3d 624, 627 (8th Cir. 2003). The PLRA's exhaustion requirement, however, is not a heightened pleading requirement. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (citing Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003). The PLRA's exhaustion requirement is an affirmative defense that the defendant has the burden to plead and prove, contrary to defendants' assertions. Nerness, 401 F.3d at 876 (citing Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001)). Although 42 U.S.C.§ 1997e(a) mandates the exhaustion of

administrative remedies, a plaintiff's failure to comply with the statutory requirement does not deprive the federal courts of subject matter jurisdiction. Chelette v. Harris, 229 F.3d 684, 687 (8th Cir. 2000).

The Missouri Department of Corrections inmate grievance procedure consists of four steps. First, an inmate may file an Informal Resolution Request. Smith v. Stubblefield, 30 F. Supp.2d 1168, 1174 (E.D. Mo. 1998). Second, if the inmate is not satisfied with the IRR response, he or she may file an Inmate Grievance form within five working days of the inmate's review of the IRR response. Id. A staff response is due thirty days after filing. Id. If no response is received within that time, the inmate may request an Inmate Grievance Appeal form. Id. Then, if the inmate is not satisfied with the grievance response, he or she may file an appeal within five working days of the response. Id. Finally, if the inmate does not obtain a satisfactory response to the appeal, he or she may file a second appeal. Id. Missouri's grievance procedure is fully exhausted after completion of the first appeal, step three of the process -- Inmate Grievance Appeal. Id.

Plaintiff's complaint asserts that "plaintiff has complied with all conditions precedent to bringing this petition . . . plaintiff alleges, in propria persona, that grievances he has filed are missing, or that they have been manipulated or doctored or that he has been manipulated in signing off on grievances." Defendants provided certified copies of plaintiff's IRR/Grievance records from the Missouri Department of Corrections files. After a review of the records submitted by defendants, the Court found four exhausted grievances that progressed from an IRR to the Offender Grievance Appeal level. The complaints in the grievances were as follows: Grievance No. SECC-03-1788 (missed medication and failure to draw blood properly and requests to be housed in a medically structured environment where instances of missed medication do not occur); Grievance No. SECC-03-2256 (denial of medication and requests to be housed in medically structured environment where

medical needs will be met); Grievance No. 03-2257 (did not receive response to letter regarding having medical tests done early; requests that Vicki Pratt be fired and plaintiff transferred to another facility); Grievance No. 04-26 (denial of medication, wants Vicki Pratt fired, wants to be transferred to another facility). (See Exhibits F-1, F-2, and F-3)[1] These grievances show that plaintiff exhausted his administrative remedies regarding his medical care and denial of medication claims.

Further, plaintiff has produced partial records that show he filed grievances regarding being placed in a one-man cell. On February 19, 2005, psychologist Ronald E. Cole and psychiatrist Dr. Scott Jones wrote a letter to the prison administrators stating,

> [we] both feel that Harris #44990 would greatly benefit from a single man cell due to his medical and mental health conditions. I realize that this is not a likely thing to happen at PCC due to space limitations. We are therefore asking for Offender Harris to be considered for a transfer back to Jefferson City Correctional Center to be placed in a single man cell.

(Pl.'s Ex. 1, Mem. in Opp. to Def.'s Mot. Summ. J.) Defendant Steve Long sent two memoranda to Al Luebbers, the Superintendent at Potosi Correctional Center via the Grievance Officer Ron Nixon. One memorandum states:

> In the attached grievance, offender Harris requests a single cell due to his mental status . . . a memo was authored by the psychologist and psychiatrist recommending that Offender Harris be considered for transfer so that he could be assigned to a single cell . . . Please have Mr. Harris re-evaluated by psychology staff to determine the need for a single cell.

(Pl.'s Ex. 2, Mem. in Opp. to Def.'s Mot. Summ. J.). There is no grievance attached to the memorandum authored by Long. The second Long memorandum states: "Please review the directive on the attached grievance appeal and ensure that appropriate action is taken. Once completed, please

---

[1] Due to the size of some exhibits, the electronic case filing system requires filers to separate exhibits into several parts. Defendants' Exhibit F was divided into three parts.

return this sheet, along with a copy of the original grievance appeal and any pertinent directive documentation to the grievance coordinator with the below information completed." (Pl.'s Ex. 3, Mem. in Opp. to Def.'s Mot. Summ. J.). Again, there is no grievance appeal attached to the memorandum. Both memoranda are dated August 26, 2002. Plaintiff asserts that these documents were produced during discovery but without the referenced grievance and grievance appeal attached. These memoranda produced by the defendants show that plaintiff exhausted his administrative remedies as to his claim for a medical need to be placed in a single cell. They also provide further support to plaintiff's assertion that he has filed grievances, which are now missing. Although defendants state that plaintiff's assertions are conclusory and without support, defendants' own documents provide support for plaintiff's assertion. It is unreasonable for the defendants to assert that there are no missing grievances when documents produced by defendants reference grievances that are not in the record.

Defendants also assert that the exhausted claims are different from the claims asserted in the lawsuit. Plaintiff's claims regarding his medical care are as follows: (1) he was placed in lock-down in lieu of being provided with mental health medical care, including being placed in administrative segregation without just cause instead of being provided treatment; (2) defendants failed to provide plaintiff a single cell, a necessary part of his mental health care and treatment; (3) defendants removed plaintiff from hospital care at Biggs Forensic Center of Fulton State Hospital; (4) through systemic and systematic deficiencies defendants failed to provide the necessary care and treatment to plaintiff; (5) plaintiff was denied access to care and treatment due to inadequate staff and inadequate facilities; and (6) defendants deprived plaintiff of medical care through a pattern and conduct of repetition. (Sec. Am. Compl. ¶ 15(B)(1)-(6)). Then, plaintiff specifically states that as to subparagraphs (4)-(6) he was denied his prescription medications on several dates. Upon review of the second amended

complaint and the grievances filed, the Court finds that plaintiff has exhausted his claims regarding the denial of his medication in subparagraphs (4)-(6). Also, as noted earlier, in documents produced by defendant Steve Long, plaintiff exhausted his administrative remedies regarding failure to provide him with a single cell. Plaintiff's claim in subparagraph (3) regarding his transfer from the hospital to the prison, however, is more appropriately considered in a habeas petition as discussed earlier.

Defendants assert that in the grievances filed by Harris, he failed to identify the individuals named in the lawsuit. The fact that certain defendants were not individually named, is of no consequence. "Section 1997e(a) does not say how specific a prisoner's administrative grievance must be . . . . As a general matter, courts typically use a standard according to which a grievance should give prison officials 'fair notice' of the problem that will form the basis of the prisoner's suit." Johnson v. Johnson, 385 F.3d 503, 516 (5th Cir. 2004) (citing Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003)). Defendants had more than sufficient notice of plaintiff's complaints regarding the denial of medical care. Specifically, defendants Dwyer and Long personally responded and directed others to take actions regarding his complaints.

Plaintiff's claim that he was placed in administrative segregation instead of being provided mental health medical care was not the subject of any grievance produced or referenced in the record. The plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims prior to a prisoner filing suit. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003). If exhaustion is not complete, the district court is required to dismiss this case without prejudice. Johnson v. Jones, 349 F.3d at 627. Because plaintiff has not exhausted his claim that he was placed in segregation instead of being provided medical care, the Court must dismiss plaintiff's complaint without prejudice. Defendant's motion for summary judgment construed as a motion to dismiss, should therefore be granted.

**IV. Motions to Dismiss Defendants Gibbs, Davis, Payne, and Nolan**

Defendants Gibbs, Davis, Payne, and Nolan filed motions to dismiss stating that plaintiff's claim against them is barred by the PLRA for failure to state a claim and failure to exhaust administrative remedies. Plaintiff responds that he has stated a claim and exhausted his administrative remedies.

As stated above, while plaintiff has exhausted his administrative remedies regarding his medical care including the specific allegations against defendants Gibbs, Davis, Payne, and Nolan for denial of medication, he has not exhausted his administrative remedies as to all claims. Therefore, the Court must dismiss without prejudice plaintiff's complaint against defendants Gibbs, Davis, Payne, and Nolan as well.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Gary Kempker, Steve Long, Laura Vance, and Chuck Dwyer's motion for summary judgment, construed as a motion to dismiss, is **GRANTED**. [Doc. 63]

**IT IS FURTHER ORDERED** that defendant Suzie Gibbs's motion to dismiss is **GRANTED**. [Doc. 55]

**IT IS FURTHER ORDERED** that defendants Kerri Davis, Amanda Payne, and Tanya Nolan's motion to dismiss is **GRANTED**. [Doc. 73]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Gary Kempker, Steve Long, Laura Vance, Chuck Dwyer, Kerri Davis, Amanda Payne, Suzie Gibbs, and Tanya Nolan are **DISMISSED without prejudice**.

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of July, 2005.